# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PRIEST LITTLE, | ) |
| Petitioner, | ) No. 15 C 1470 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| CHRISTINE BRANNON, Warden, | ) |
| Danville Correctional Center, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

In 2009, Priest Little was convicted of drug-induced homicide and sentenced to thirty years in prison. He has filed a petition pursuant to 28 U.S.C. § 2254 to set aside his conviction and sentence. For the reasons set forth below, the Court denies the petition.

## Background

In 2009, a jury convicted Little of drug-induced homicide for the death of Danielle Nicholas. (*See* Gov't Ex. A, *People v. Little*, No. 2-10-0083, 2011 Ill App (2d) 100083-U, at *11 (Ill. App. Ct. Sept. 13, 2011).) He appealed, arguing that:

> (1) he was deprived of a fair trial when the State was allowed to introduce and argue victim-impact evidence; (2) the trial court erred in admitting other-crimes evidence; (3) prosecutorial misconduct occurred during closing statements, warranting reversal of his conviction or a new trial; (3) [sic] there was insufficient evidence to prove him guilty beyond a reasonable doubt; (4) he received ineffective assistance of counsel when his trial counsel failed to tender an accomplice-witness jury instruction; and (5) the trial court improperly considered an element of the offense as an aggravating factor when sentencing him to 30 years, warranting a reduction in sentence or a new sentencing hearing.

(*Id.* at *1.) The appellate court affirmed the conviction and sentence. (*Id.*)

Little filed a petition for leave to appeal to the Illinois Supreme Court, raising three issues:

> (1) whether victim impact evidence may be admitted without prejudice to the defendant in a non-capital case, (2) whether the act of taking a packet of heroin from someone, removing a portion of the heroin and then passing it back constitutes a "delivery" of heroin under Illinois law, (3) whether it is proper for a prosecutor to argue that a police officer is more credible because of his status as a police officer.

(*See* Gov't Ex. F, Pet. Leave Appeal at 2.) His petition was denied. (*See* Gov't Ex. G, *People v. Little*, No. 113202 (Ill. Mar. 28, 2012).)

In January 2013, Little filed a petition for post-conviction relief, arguing that his trial counsel was ineffective for not calling an alibi witness or moving to dismiss the indictment. (*See* Gov't Ex. H, Pet. Post-Conviction Relief at 18-19.) In October 2013, Little filed an amended petition in which he added the claim that the trial court denied him effective assistance of counsel by failing to appoint a lawyer to litigate Little's pro se motion for a new trial. (*See* Gov't Ex. I, Am. Pet. Post-Conviction Relief at 19.) In November 2013, Little filed a second amended petition, in which he added the claim that his counsel was ineffective for failing to move to dismiss the indictment on the grounds that a preliminary hearing was not held within thirty days of Little's arrest. (*See* Gov't Ex. J, Second Am. Post-Conviction Pet. at 19.) In November 2014, the trial court dismissed the second amended petition. (*See* Gov't Ex. M, *People v. Little*, 09 CF 234 (Cir. Ct. Lake Cnty. Nov. 20, 2014).) Little did not appeal the dismissal.

## Discussion

Little's first claim is that the trial court violated his due process rights by admitting victim impact evidence and argument. The government contends that habeas review of this claim is barred because the state court resolved it on the independent and adequate state ground of waiver. *See*

*Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010) ("When a state court resolves a federal claim by relying on a state law ground that is both independent of the federal question and adequate to support the judgment, federal habeas review of the claim is foreclosed."). "A state law ground is independent when the court actually relied on the procedural bar as an independent basis for its disposition of the case." *Id.* at 592. "A state law ground is adequate when it is a firmly established and regularly followed state practice at the time it is applied." *Id.* A habeas court will review a claim decided on an independent and adequate state ground only if the petitioner shows cause for and prejudice from the procedural default. *Id.* at 594-95.

Both independence and adequacy are present here. The state court clearly based its rejection of Little's victim impact claim on waiver, noting that "no objections [to such evidence or argument] were made during trial" and that, because no error had occurred, the plain error exception did not apply. (*See* Gov't Ex. A, *People v. Little*, No. 2-10-0083, 2011 Ill App (2d) 100083-U, at *12-13 (Ill. App. Ct. Sept. 13, 2011).) Further, the waiver doctrine was well established and adhered to by Illinois courts when the *Little* court made its decision in 2011. *See People v. Brown*, 705 N.E.2d 809, 820 (Ill. 1998) ("Defense counsel did not object to [the reference to victim-impact evidence in] the prosecutor's opening statement, and therefore the defendant's belated objection must now be considered waived."); *People v. Childs*, 428 N.E.2d 185, 187 (Ill. App. Ct. 1981) ("The failure to make a timely objection to allegedly improper remarks by the prosecutor effects a waiver of the objection."); *cf. People v. Prince*, 840 N.E.2d 1240, 1253 (Ill. App. Ct. 2005) ("Defendant contends he was denied a fair trial by the admission of victim impact testimony from Shawanna Fields and Jewell Barker. Defendant's posttrial motion makes no reference to Jewell Barker and only a general objection to victim impact testimony by Shawanna Fields, resulting in waiver of the objection on

3

appeal."). Thus, the Court can review this claim only if Little "can establish cause and prejudice for the [procedural] default or that the failure to consider the claim would result in a fundamental miscarriage of justice." *Kaczmarek*, 627 F.3d at 591; *see Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002) (explaining that the miscarriage of justice exception only applies to "situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent"). Because Little has done neither, the Court denies habeas relief on his due process claim.

Little's second claim is that his trial counsel was ineffective for failing to request an accomplice instruction at trial. Little is entitled to habeas relief on this claim, as relevant here, only if the state court's decision on it was "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). With respect to this claim, the state court said:

> Defendant next argues that he was denied effective assistance of counsel when his trial counsel failed to tender an accomplice instruction with respect to Barraza. . . .
>
> Claims of ineffective assistance of counsel are judged under the standard set forth in <u>*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)</u>, which provided a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. . . .
> . . . .
>
> If a witness denies involvement but admits presence at the scene and could have been indicted either as a principal or under a theory of accountability, the defendant is entitled to the accomplice-witness instruction. . . . We reject defendant's conclusory assertion that the trial court would have been obligated to give [the accomplice-witness instruction] because no facts were adduced to suggest that Barraza was involved in the commission of the crime *with defendant*. . . . Contrary to defendant's assertions, Barraza only admitted to accompanying [the victim] on her purchase and sharing in the use of [the victim's] heroin.
>
> . . . . In this case, Barraza was never charged or threatened to be charged with the crime of drug-induced homicide or any other delivery of heroin offense. . . . [T]here

4

> was simply no evidence to suggest that Barrazza delivered heroin to [the victim] or somehow assisted defendant in the delivery of heroin to [the victim]. The passing of the tin foil packet from defendant to [the victim] to Barraza, to inject first, and back to [the victim] does not constitute "delivery" of heroin under the meaning of the statute. . . . [The victim], in this case, did *not* relinquish possession when she allowed Barraza to take some of the heroin to cook and inject first. Accordingly, defendant's argument that Barraza was an accomplice fails under the facts of this case and thus his ineffective assistance of counsel claim also fails.

(Gov't Ex. A, *People v. Little*, No. 2-10-0083, 2011 Ill App (2d) 100083-U, at *17 (Ill. App. Ct. Sept. 13, 2011) (emphasis in original).)

The state court correctly identified the controlling legal standard, a point Little tacitly concedes. (*See* Pet. at 30-31.) But Little argues that the court unreasonably applied it to the facts of his case because, under Illinois law, "if defense counsel had tendered an accomplice instruction with respect to Nicole Barraza, the trial court would have been obliged to give it." (*Id.* at 31.) However, as the above-quoted passage illustrates, the state court disagreed with Little, and that court's interpretation of state law is not subject to challenge under § 2254. *See Bates v. McCaughtry*, 934 F.2d 99, 102 (7th Cir. 1991) ("State law means what state courts say it means. . . . A claim that the state court misunderstood the substantive requirements of state law does not present a claim under § 2254."). In short, the state court's decision on Little's ineffective assistance claim was not "contrary to" or "an unreasonable application of" *Strickland*. Accordingly, he is not entitled to habeas relief on this claim.

**Conclusion**

For the reason set forth above, the Court denies Little's petition for a writ of habeas corpus. Morever, because he has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2). This case is terminated.

**SO ORDERED.**                                    **ENTERED: July 20, 2015**

 _____
**HON. JORGE L. ALONSO**
**United States District Judge**